TYSON, Judge.
Eric Scott Rowe ("Plaintiff") appeals from orders awarding Leslie Leigh Rowe (now Jones) ("Defendant") custody of their children and finding him in contempt. We reverse the trial court's custody determination and remand for a new hearing. Regarding the civil contempt order, we vacate and remand for further findings of fact and conclusions of law.
I. Factual Background
This case is related to another appeal before this Court, Rowe v. Rowe , No. COA16-1072, --- N.C. App. ----, --- S.E.2d ---- (filed May 2, 2017). While these cases were joined for trial, each case involves separate children with separate mothers. The related case involves M.C., Plaintiff's child born during his marriage to Sarah Charlene Rowe (now Doans). The present case involves the custody of two children, A.T. and E.B., born during Plaintiff's prior marriage to Defendant.
In July 2003, Plaintiff initiated this custody action against Defendant. In March 2007, the trial court issued a permanent custody order awarding joint custody, with Plaintiff having primary custody and Defendant having secondary custody of the children.
In September 2011, Defendant moved to modify the March 2007 order based on a substantial change of circumstances. Defendant asserted Plaintiff had lost his job, separated from his second wife, and was not complying with the March 2007 order. The trial court denied this motion.
A. 2014
On 1 February 2014, Plaintiff testified he attempted to pass a truck by moving into the left lane and the truck cut him off. When Plaintiff and the truck arrived at a stop light, the truck pulled up in the left turn lane beside Plaintiff. Plaintiff testified "out of the corner of [his] eye [he] saw a flash, [he] heard a bang, and then [he] heard something and felt something hit [his] car" Thinking he was being fired upon, Plaintiff rolled down his window and fired three shots into the truck, which drove away. Plaintiff's three children were inside the car during the incident. His older daughter, A.T., woke up, but his other two children, M.C. and E.B., remained asleep.
Plaintiff ultimately faced criminal charges and entered a plea of no contest. The trial court suspended Plaintiff's sentence and placed him on probation for thirty-six months. As a condition of his plea agreement, Plaintiff agreed to surrender all firearms. Defendant did not contest the revocation of his concealed carry permit.
On 9 April 2014, Defendant filed an motion to modify custody based, in part, upon the February shooting incident. Plaintiff and Defendant entered into a Temporary Memorandum of Judgment ("May 2014 Order") on 28 May 2014. This order provided Defendant with primary residential placement of A.T. and E.B. pending further orders of the court. The order also provided Plaintiff visitation with the children every other weekend and each alternating Wednesday. The order required Plaintiff's mother, Marlena Rowe ("Intervenor"), to supervise each visit. The order provided for a review following the resolution of the criminal charges pending against Plaintiff.
In June 2014, Defendant filed a motion to show cause, in which she asserted Plaintiff had violated the May 2014 Order because his mother had failed to supervise all of Plaintiff's visitations with A.T. and E.B. Nothing in the record shows a contempt hearing occurred, and the issue appeared to remain unresolved until the trial court's order in April 2016.
B. 2015
In January 2015, Defendant filed an emergency motion to modify the terms of the May 2014 Order. In March 2015, Defendant spoke with Sarah Charlene Rowe, the defendant in the companion case, and no longer allowed Plaintiff to visit with A.T. and E.B. as provided by the May 2014 Order. In December 2015, a contempt hearing was held before Judge Alexander to address a show cause order entered against Defendant in April 2015.
The trial court held Defendant in willful contempt of the May 2014 Order. The trial court found Defendant and Sarah Rowe "conspired to deprive the Plaintiff of his court ordered visitation with the minor children in this case and with [M.C.]." The trial court ordered Plaintiff's visitation, as set forth in the May 2014 Order, be gradually re-instated. Judge Alexander asserted jurisdiction over the entire case and scheduled a hearing on both permanent custody and permanent child support for 1 February 2016.
At the contempt hearing, the trial court did not consider an order to show cause issued against Plaintiff in June 2014. The order was based upon an allegation that Plaintiff's mother was not supervising his visitation as required by the May 2014 Order. Defendant's counsel contended the issue was not abandoned and noted that Intervenor's failure to supervise visitation as required was an ongoing issue. The trial court agreed to hear the 2014 show cause order at the scheduled hearing in February 2016.
While the trial court agreed to hear the 2014 show cause order at the later hearing, the trial court explicitly spoke with Intervenor to clarify the requirements of supervised visitation:
[INTERVENOR]: I need some guidelines because, evidently, I was told (inaudible) are two different things, so I need some guidelines as to exactly what I'm supposed to do and not supposed to do.
THE COURT: Okay. Well, you are to be around him when he has the children. And that doesn't mean in the same town or in the same street. It means you need to be in the same room or the same house.
[INTERVENOR]: Okay. That was not explained to me before.
...
THE COURT: And if you're not going to do that, then you're going to have to contend with them and I'm going to hear about it on February 1st.
[INTERVENOR]: ... I will do that[.]
Each of the parties' attorneys agreed to this understanding of the supervision requirement moving forward.
C. 2016 Hearing
During the February 2016 hearing, the trial court conducted an in-chambers interview with E.B. over the objection of Plaintiff's and Intervenor's counsel. Only the judge and clerk were present for the interview. After the interview, the trial court stated:
And I will tell you this, that each of you that are in this courtroom today are under a court order not to question the child about the content of the conversations that he had with the Court or-ask him any questions about that conference that he had with the judge and the clerk. There are mechanisms in place that he's well aware of if someone contacts him to ask him about what he said. And if that happens, whoever has done that, regardless of whether or not they are a party to this lawsuit, will go to jail for 30 days. Not suspended, but they'll go to Carteret County jail for 30 days.
The trial court concluded "Plaintiff-Father is not a fit or proper person to have physical and/or legal custody of the minor children. His conduct since the entry of the last Order created an injurious environment and caused emotional distress to the minor children." The trial court awarded custody of A.T. and E.B. to Defendant and provided Plaintiff supervised visitation every alternate weekend.
The trial court also entered an order holding Plaintiff in contempt of the May 2014 Order. The order requires Plaintiff to follow all orders entered by the court that are in effect and comply with any therapy regimen recommended for his children. The order also provides, as a result of his contempt, Plaintiff forfeits his right to attorney's fees based on Defendant's violation of the May 2014 Order and any missed visitation. Plaintiff appeals.
II. Jurisdiction
This child-custody determination is properly before this Court as an appeal from a final judgment of the district court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2015). Plaintiff's appeal to this Court from the civil contempt order is properly before us under N.C. Gen. Stat. § 5A-24 (2015).
III. Issues
Plaintiff argues the trial court erred by: (1) conducting an in-chambers interview of E.B. over Plaintiff's objection and without counsel for the parties present, (2) failing to make any findings regarding the best interest of the children, and (3) finding Plaintiff's conduct during a single incident of road rage constituted prima facie evidence of "unfitness" of a parent. Plaintiff further asserts the trial court's findings of fact are mere recitations, are not supported by the evidence, and do not support the court's conclusions of law.
In regards to the trial court's civil contempt order, Plaintiff contends the court erred because there was no continuing contempt on his part.
IV. Child-Custody Determination
Plaintiff contends the trial court improperly conducted an in-chambers interview with E.B. over his objection. Plaintiff also asserts the court's custody order contains several other substantive errors.
For the reasons set forth in our opinion in the companion case, Rowe v. Rowe , No. COA16-1072, --- N.C. App. ----, --- S.E.2d ---- (filed May 2, 2017), we hold the trial court committed prejudicial error by interviewing E.B. over the objection of Plaintiff's counsel and without being in the presence of parties' counsel. We reverse the trial court's child-custody determination and remand for a new trial. As such, we do not address Plaintiff's other arguments regarding the custody determination.
V. Contempt
Plaintiff contends the trial court erred by holding him in civil contempt where no continuing contempt existed.
For the reasons set forth in our opinion in the companion case, Rowe v. Rowe , No. COA16-1072, --- N.C. App. ----, --- S.E.2d ---- (filed May 2, 2017), the trial court's order holding Plaintiff in civil contempt is vacated. This case is remanded for further findings of fact and conclusions of law regarding whether Plaintiff brought himself into compliance following the December 2015 hearing and order.
VI. Conclusion
Because the trial court interviewed E.B. in-chambers over the objection of counsel and without counsel for the parties present, we reverse the trial court's child custody order and remand for a new trial. We vacate the trial court's order holding Plaintiff in civil contempt and remand for further findings of fact and conclusions of law.
REVERSED IN PART; VACATED IN PART; AND REMANDED.
Report per Rule 30(e).
Judges McCULLOUGH and DILLON concur.
Judge McCULLOUGH concurred in this opinion prior to 24 April 2017.